UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LIGIA MAHAN,

      Plaintiff,

v.                                                                                    Case No. 17-13311

AMERICA ANESTHESIA                                          HON. AVERN COHN
ASSOCIATES, LLC.,

      Intervening Plaintiff,

v.

FARMERS INSURANCE EXCHANGE
and BLUE CROSS BLUE SHIELD OF
MICHIGAN MUTUAL INSURANCE
COMPANY,

      Defendant.
_____/

## MEMORANDUM AND ORDER GRANTING BLUE CROSS BLUE SHIELD'S MOTION FOR SUMMARY JUDGMENT (Doc. 13)[1]

### I. Introduction

      This is an insurance case.  Plaintiff Ligia Mahan (Mahan) sued Farmers Insurance

Exchange (Farmers) and Blue Cross Blue Shield (BCBS) in state court seeking payment

of medical expenses incurred as a result of an automobile accident.  BCBS removed the

case to federal court on the grounds that the BCBS plan is governed by ERISA.  America

Anesthesia Associates, LLC (AAA) has intervened claiming a right to reimbursement for

services rendered to Mahan under state law.

_____

      [1]Although originally scheduled for hearing, upon review of the parties' papers, the
Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ.
P. 78(b); E.D. Mich. LR 7.1(f)(2).

Before the Court is BCBS's motion for summary judgment on the grounds that because the BCBS plan is self-funded and secondary to all other insurance, Mahan does not have a viable claim against it. For the reasons that follow, the motion will be granted.

## II. Background

On December 30, 2014, Mahan was in an automobile accident and suffered injuries for which she incurred medical expenses. On September 17, 2014, she filed a complaint in Wayne County Circuit Court seeking personal injury protection (PIP) benefits under Michigan law naming Farmers and BCBS as defendants. Apparently, Mahan has a no-fault automobile policy with Farmers. Mahan is also a dependent spouse of a UAW retiree and receives health care benefits through the UAW Retiree Medical Benefits Trust, a plan administered by BCBS ("the BCBS plan"). Mahan alleges that the BCBS plan is "primary," i.e. must provide coverage before any other plan.

As noted above, BCBS removed the case to federal court on the grounds that the BCBS plan under which Mahan was seeking coverage is governed by ERISA. AAA intervened, alleging it provided the medical services for which Mahan seeks payment.

At the close of discovery, BCBS filed the instant motion. Mahan filed a response, in which AAA concurred, arguing the motion should be denied. Farmers did not file a response.

## III. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the

nonmoving party's case." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). Rule 56 provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support a fact.

Fed. R. Civ. P. 56(c)(1). The Court "must view the evidence in the light most favorable to the non-moving party." <u>Employers Ins. of Wausau v. Petroleum Specialties, Inc.</u>, 69 F.3d 98, 101 (6th Cir. 1995).

## IV. Discussion

BCBS contends that it is entitled to summary judgment because it is undisputed that the BCBS plan is secondary and she has failed to exhaust her administrative remedies.

As an initial matter, Mahan does not dispute BCBS's assertion that the BCBS plan is governed by ERISA and is self-funded. In this circumstance, Michigan law is preempted, <u>see Auto Club Ins. Ass'n v. Health & Welfare Plans, Inc</u>., 961 F.2d 588, 593 (6th Cir. 1992) and federal common law governs. <u>See Auto Owners Ins. Co. v. Thorn Apple Valley</u>, 31 F.3d 371 (6th Cir. 1994); <u>MidMichigan Health Plan</u>, 449 F.3d at 690 ("[A] priority dispute arising between an ERISA plan and a no-fault policy is resolved pursuant to federal common law."). <u>See also Auto-Owners Ins. Co. v. Edward D. Jones & Co. Employee Health & Welfare Program</u>, 759 F. Supp. 2d 895, 899–900 (W.D. Mich. 2010).

It is also undisputed that the BCBS plan contains a coordination of benefits

(COB) provision.  The summary plan description, which is attached to BCBS's motion, states:

> The Plan will coordinate coverage with other insurance policies, including group or individual automobile, homeowner's or premises insurance, personal injury protection, or no-fault coverage, including medical payments.  Other insurance policies will be primary....

A "primary goal of ERISA ... is to safeguard the financial integrity of qualified plans by shielding them from unanticipated claims" such as those advanced by no-fault automobile insurance policies.  Thorn Apple Valley, 31 F.3d at 375.  Thus, "when a traditional insurance policy and a qualified ERISA plan contain conflicting coordination of benefits [ ("COB") ] clauses, the terms of the ERISA plan, including its COB clause, must be given full effect."  Id. at 374.

Here, the plan's COB provision expressly addresses coverage and state that other insurance, including automobile and no-fault, shall be primary.  The COB language shows the intent of the plan to subordinate its coverage.   Mahan had two potential sources of coverage for the medical expenses stemming from the automobile accident:  Farmers and the BCBS plan.  The BCBS plan clearly provides that Mahan first seeks coverage from her insurance company, Farmers.  Where it is undisputed that BCBS's coverage obligation is secondary, it is entitled to summary judgment.  See Auto-Owners Ins. Co. v. Edward D. Jones & Co. Employee Health & Welfare Program, 759 F. Supp. 2d 895, 903–05 (W.D. Mich. 2010).

In her response, Mahan does not address BCBS's argument that, contrary to the complaint, coverage under the BCBS plan is secondary.  Rather, Mahan argues that it is premature to dismiss BCBS because Farmers may not provide coverage.  This argument does not carry the day.  Whether or not Mahan obtains coverage from Farmers is

irrelevant to whether BCBS is entitled to summary judgment because there is no genuine issue of material fact that BCBS's coverage is secondary.[2]

Mahan also says that BCBS should stay in the case to protect its interest because the UAW Retiree Medical Benefits Trust, who sponsors the BCBS plan, may be entitled to recover payments made in error.  This argument is also unavailing.  As BCBS notes, BCBS administers the BCBS plan and has no role in the UAW Retiree Medical Benefits Trust's "subrogation or reimbursement activities."

Overall, Mahan has failed to show that BCBS should remain in the case.

V.  Conclusion

For the reasons stated above, BCBS's motion for summary judgment is GRANTED.


In light of the dismissal of the claim which formed the basis for removal, the remaining parties (Mahan, Farmers, and AAA) shall SHOW CAUSE in writing within fifteen (15) days as to whether the Court should exercise supplemental jurisdiction over Mahan's state law claim or whether there is another basis for federal jurisdiction.

SO ORDERED.



S/Avern Cohn_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 10/30/2018
        Detroit, Michigan

---

[2]In light of this determination, it is not necessary to address BCBS's exhaustion argument.